**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4811**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STACY LAMONT BERRY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:09-cr-00019-nkm-1)

Submitted:  April 28, 2011        Decided:  May 3, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles L. Weber, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Elliott J. Casey, Special Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Stacy Lamont Berry challenges his convictions of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (2006). Berry contends the district court erred when it denied his motion for a judgment of acquittal and when it instructed the jury. For the reasons explained below, we affirm Berry's convictions.

This court reviews de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). This court will uphold the jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, this court considers both circumstantial and direct evidence and allows the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

A conviction under the Hobbs Act requires the government to prove "(1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States

2

v. Williams, 342 F.3d 350, 353 (4th Cir. 2003).  However, "the impact on commerce [may be] small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected."  United States v. Brantley, 777 F.2d 159, 162 (4th Cir. 1985).  The interstate commerce requirement has been broadly interpreted and courts have found it "satisfied even where the effect on interstate commerce is indirect, minimal and less than certain," although the effect must be "reasonably probable."  United States v. Buffey, 899 F.2d 1402, 1404 (4th Cir. 1990).  Moreover, this court has held that "[d]rug dealing . . . is an inherently economic enterprise that affects interstate commerce.  For this reason, the robbery of a drug dealer has been found to be the kind of act which satisfies the 'affecting commerce' element of the Hobbs Act."  Williams, 342 F.3d at 355 (internal citation omitted).[*]

We conclude the Government's evidence at trial established that the robbery victims were engaged in the marijuana trade during the relevant time and that Berry obtained both marijuana and money as a result of his actions.  Accordingly, the Government presented sufficient evidence from

---

[*] Although Berry argues this court should overrule or ignore our decision in Williams, we cannot "overrule or reconsider a precedent set by another panel."  United States v. Najjar, 300 F.3d 466, 486 n.8 (4th Cir. 2002).

which the jury could determine Berry's crimes had the required effect on interstate commerce.

We also conclude the district court correctly instructed the jury. Berry argues the United States Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), requires proof in Hobbs Act prosecutions of a substantial impact on interstate commerce. We conclude Berry's argument is foreclosed by this court's decision in Williams. There, this court specifically held that the Supreme Court's decision in Lopez did "not disturb our continued application of [the] minimal effects standard" in Hobbs Act cases. Williams, 342 F.3d at 354. Thus, the district court's jury instruction correctly stated the law.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED